UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>CARMEN ASTRID BERGERON<br><br>Debtor.<br><br>CARMEN ASTRID BERGERON,<br><br>Defendant/Appellant,<br><br>v.<br><br>EDMUND J. WOOD, Trustee.<br><br>Plaintiff/Appellee. | CASE NO. C24-1682 MJP<br><br>Bankruptcy No. 23-12506-CMA<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL |

This matter comes before the Court on Appellant's "Motion for Leave to Appeal Interlocutory Order." (Dkt. No. 15.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

The Court previously dismissed this bankruptcy appeal for lack of jurisdiction because Appellant seeks to appeal a non-final order of the Bankruptcy Court. (Order of Dismissal at 2

1 (Dkt. No. 9).) Although the case has been dismissed and the Court has denied a motion for
2 reconsideration, Appellant now argues that the Court should exercise jurisdiction over the appeal
3 on the theory that the Court should exercise its discretion to consider an interlocutory appeal
4 under 28 U.S.C. § 158(a)(3). The Court does not agree.

5      If an order is not final, the Court may exercise jurisdiction to hear an appeal of an
6 interlocutory order of a bankruptcy court if it grants leave to appeal. See 28 U.S.C. § 158(a)(3);
7 Fed. R. Bankr. P. 8002, 8004(a)(2)(b). Leave to appeal an interlocutory order is appropriate
8 where (1) there is a controlling question of law, (2) as to which a substantial ground for a
9 difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate
10 termination of the litigation. See In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020,
11 1026 (9th Cir. 1981) (under Section 1292(b), an interlocutory appeal is within court's discretion
12 where there is a controlling question of law, substantial grounds for difference of opinion, and
13 the appeal may materially advance the ultimate termination of the litigation, as well as under
14 "exceptional circumstances"). In deciding whether to grant leave to appeal under Section
15 158(a)(3), courts look to the analogous provisions of 28 U.S.C. Section 1292(b) governing
16 review of interlocutory district court orders by the courts of appeal. See Belli v. Temkin (In re
17 Belli), 268 B.R. 851, 858 (9th Cir. BAP 2001).

18      There are two flaws with Appellant's argument. First, Appellant failed to raise the theory
19 in either her response to the Motion to Dismiss or the Motion for Reconsideration. The argument
20 was therefore waived and there are no grounds to permit this attempt to relitigate the issue.
21 Second, even if the Court considers the late-identified theory, it finds Appellant has not
22 identified sufficient grounds to grant leave for an interlocutory appeal. Appellant suggests that
23 the order being appealed presents a variety of issues implicating due process, trustee fraud and
24

1  abuse, and other related issues. But the order being appealed does not contain the issues as
2  Appellant frames them. Even if it did, Appellant has not identified any grounds to find a
3  substantial difference of opinion on these issues or why an immediate appeal would advance the
4  ultimate termination of the litigation. Accordingly, the Court finds no grounds to entertain the
5  interlocutory appeal. For these two independent reasons, the Court DENIES the Motion.
6  The clerk is ordered to provide copies of this order to Appellant and all counsel.
7  Dated April 22, 2025.

Marsha J. Pechman
United States Senior District Judge